**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JOSE M. CHARRIEZ,

    Plaintiff,

vs.                                      Case No. 4:11cv379-SPM/WCS

MARK GARCIA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a motion for restraining order on November 30, 2011. Doc. 12.[1] Plaintiff alleges a number of incidents in which (1) the initial filing fee payment was delayed; (2) Plaintiff's footlocker, mattress, and pillow were searched for contraband; (3) he was written a disciplinary report; (4) his "custody points" were increased and his custody level rose from medium to close custody; (5) his visitation privileges remain suspended; and (6) Plaintiff cannot "receive a package of prison canteen store items purchased for him by his family

---

[1] Service of Plaintiff's amended civil rights complaint, doc. 8, was directed on November 10, 2011. Doc. 10. Answers to the complaint have not yet been filed.

because he 'is being punished.' " Doc. 12, p. 2.  In each of these incidents, Plaintiff contends that actions were taken at the direction of Defendant Bannister.  No factual allegations are presented which detail or explain a connection to the Defendant; rather, Plaintiff makes conclusory allegations that events were due to Defendant Bannister.  These allegations are insufficient on their face.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff has failed to show that he faces a substantial threat of irreparable injury.  Plaintiff has not alleged any injury by the fact that the filing fee payment was delayed or that a search was made for contraband.  Those actions do not reveal constitutional

violations because searches of prisoner's cells may lawfully occur at any time and there is no protected right against such, nor was Plaintiff harmed in a belated payment.

Plaintiff also failed to allege any harm when the disciplinary report was written against Plaintiff because he alleged only that he was placed in disciplinary confinement. Such placement, when limited in duration and severity, does not violate the Due Process Clause because it does not impose an atypical or significant hardship on prisoners, at least in relation to the ordinary circumstances of prison life. *See* Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999).

The failure to have visitation privileges has been ongoing and is part of Plaintiff's claims in this case. If Plaintiff is due to have relief provided, it must come in the normal course of litigation. The failure to have canteen items purchased for Plaintiff is not irreparable harm and does not warrant relief either.

Therefore, because Plaintiff has not shown that any named Defendant in this case is responsible for violating Plaintiff's rights or threatening injury to Plaintiff, and because Plaintiff has not shown irreparable harm, the motion for restraining order should be denied.

Finally, should Plaintiff be able to prove that Defendants acted in retaliation for Plaintiff having filed this case, Plaintiff would be able to recover damages under 42 U.S.C. § 1983. Because Plaintiff has an adequate remedy at law should fears and threats become reality, there cannot be a finding of irreparable injury. The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury. Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary

course of litigation, weighs heavily against a claim of irreparable harm."); *see* Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976).  Thus, failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury."

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for restraining order, doc. 12, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**